IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BUWLUS MUHAMMAD )
    Plaintiff )
     ) C.A. No. 05-243 Erie
vs. ) District Judge Cohill
     ) Magistrate Judge Baxter
DISTRICT MAGISTRATE JOSEPH LAFAIVER )
    Defendant. )


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    REPORT**

    It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d) and the motion for leave to proceed in forma pauperis should be denied.


**II.    RECOMMENDATION**

    Plaintiff, presently incarcerated at the Erie County Prison in Erie, Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant "District Magistrate Joseph Lafaiver" violated his civil rights by "imposing 8 to 9 traffic violation citations." Plaintiff seeks monetary relief. In addition to his complaint, Plaintiff has filed a motion to proceed *in forma pauperis*.

    On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious *in forma pauperis*

complaints under 28 U.S.C. § 1915(d).  Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  The U.S. Supreme Court has instructed that section 1915(d) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it.  Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley, 355 U.S. at 45-46.  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991); Boag v. MacDougall, 454 U.S. 364 (1982); Haines.  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990).

Judicial officers are immune from damage suits arising out of their official duties.  Stump v. Sparkman, 435 U.S. 349 (1978); Piskanin v. Hammer, 2005 WL 613644 (E.D.Pa.,2005) (applying judicial immunity to "district justice").  Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages."  Mireles v. Waco, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...."  Sparkman 435 U.S. at 356.  Judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction."  Mireles, 502 U.S. at 11-12.  In this case, the challenged actions of Defendant were taken in his judicial capacities and were within her respective jurisdiction.  Thus, Defendant Lafaiver is absolutely immune.

### III.   CONCLUSION

For the foregoing reasons, this complaint should be dismissed as frivolous in accordance with 28 U.S.C. § 1915(d) and the motion for leave to proceed in forma pauperis should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated:  August 31, 2005